1  REBECCA R. WEINREICH, SB# 155684
   E-Mail: weinreich@lbbslaw.com
2  STEPHEN V. KOVARIK, SB# 184656
   E-Mail: kovarik@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
4  Los Angeles, CA 90012
   Telephone: (213) 250-1800
5  Facsimile: (213) 250-7900

6  Attorneys for Plaintiff
   National Union Fire Insurance Company of Pittsburgh, Pa.
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10 NATIONAL UNION FIRE INSURANCE          )  Case No.
   COMPANY OF PITTSBURGH, PA,            )
11                                        )
                                          )
12                        Plaintiff,      )  **NATIONAL UNION FIRE**
                                          )  **INSURANCE COMPANY OF**
13         v.                             )  **PITTSBURGH, PA'S COMPLAINT**
                                          )  **FOR DECLARATORY RELIEF**
14 NVIDIA CORPORATION,                    )
                                          )
15                                        )
                          Defendant.      )
16 _____  )

17

18         Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"),

19 brings this Complaint for Declaratory Judgment against Defendant, NVIDIA Corporation

20 ("NVIDIA"). In support thereof, National Union alleges as follows:

21                      **PREFATORY STATEMENT**

22         This suit is a declaratory judgment action between National Union and NVIDIA

23 concerning the parties' rights, duties and obligations under National Union Commercial General

24 Liability Policy No. 721-88-39 and Commercial Umbrella Liability Policy No. 9835530 (the

25 "National Union Policies") as to the class action lawsuit entitled *The NVIDIA GPU Litigation* (the

26 "*GPU Litigation*"), brought against NVIDIA by and on behalf of a class of consumers who

27 purchased at retail a computer equipped with an allegedly defective NVIDIA chip. The class

28 action plaintiffs allege that as a result of the allegedly defective NVIDIA chips, the computers

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

COMPLAINT FOR DECLARATORY RELIEF

1 cease to function properly, resulting in graphic processing issues and improper video operation.

2 National Union seeks a declaration from this Court that it owes neither a duty to defend nor duty

3 to indemnify NVIDIA with respect to the *GPU Litigation*.

4       For approximately the past twenty months, National Union has been providing a defense to

5 NVIDIA in the *GPU Litigation*, subject to a reservation of rights, while National Union conducted

6 an investigation into whether the class action plaintiffs were seeking damages because of

7 "property damage" caused by an "occurrence" not otherwise excluded under the National Union

8 Policies. During the past twenty months, National Union has requested, on numerous occasions,

9 that NVIDIA provide it with specific information about the claims at issue in the *GPU Litigation*.

10 National Union requested information or documentation that the claims at issue in the *GPU*

11 *Litigation* implicate "property damage" coverage under the National Union Policies, either in the

12 form of physical injury to tangible property (*e.g.*, to component parts of the Class Computers)[1] or

13 "loss of use" of the Class Computers.

14       In response to National Union's requests for information, NVIDIA produced to National

15 Union all documents that NVIDIA produced to the class action plaintiffs in the *GPU Litigation* –

16 totaling approximately 600,000 pages of documents. Not only did these documents fail to

17 establish that component parts of Class Computers were damaged as a result of the defects in the

18 NVIDIA chips, but they also failed to establish loss of use. If evidence of "property damage"

19 exists, NVIDIA would have (and should have) by now produced it to National Union, as NVIDIA

20 bears the burden of establishing that the claims at issue in the *GPU Litigation* implicate coverage

21 under the National Union Policies.

22       National Union has incurred a substantial amount in costs and expenses in NVIDIA's

23 defense in the *GPU Litigation* – a lawsuit that National Union now understands does not even

24 potentially implicate coverage under the National Union Policies and never did. National Union,

25

26

27 [1] "Class Computers" is defined in the Second Amended Complaint filed in the *GPU Litigation* as those computers purchased by the class action plaintiffs at retail equipped with a defective NVIDIA graphics

28 processing unit ("GPU") and/or media communications chip ("MCP").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

COMPLAINT FOR DECLARATORY RELIEF

1 | therefore, is entitled to a declaration from this Court that it does not have, and never had, a duty to

2 | defend or indemnify NVIDIA in the *GPU Litigation*.

3 | **I.**    **PARTIES**

4 |      1.      Plaintiff National Union is a corporation organized and existing under the laws of

5 | the State of Pennsylvania with its principal place of business in New York, New York. At all

6 | times relevant herein, National Union was authorized to do business, and was actually doing

7 | business, in the State of California and this District.

8 |      2.      Defendant NVIDIA is a corporation organized and existing under the laws of the

9 | State of Delaware with its principal place of business in Santa Clara, California. At all relevant

10 | times herein, NVIDIA was authorized to do business, and was actually doing business, in the State

11 | of California and this District.

12 |      3.      NVIDIA designs and sells graphics processing chips dedicated to rendering

13 | graphics for desktop and notebook computers.

14 | **II.**    **JURISDICTION AND VENUE**

15 |      4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§2201 and 2202

16 | insofar as National Union seeks a declaration of its rights and duties under the insurance policies

17 | at issue. Pursuant to 28 U.S.C. §1332 (a), (b) and (c), complete diversity exists between the

18 | parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

19 |      5.      There is a present and actual controversy between the parties.

20 |      6.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (a) and (c). Defendant

21 | has sufficient minimum contacts with this judicial district to confer personal jurisdiction over it in

22 | this Court.

23 | **III.**    **INTRADISTRICT ASSIGNMENT**

24 |      7.      Pursuant to Civil Local Rule 3-2(c), Intradistrict Assignment is appropriate in the

25 | San Francisco Division of the United States District Court for the Northern District of California

26 | in that NVIDIA's submissions for the primary and umbrella insurance policies at issue in this

27 | action were made by the San Francisco, California office of NVIDIA's insurance broker, Marsh

28 | U.S.A., Inc., to the San Francisco, California office of National Union's parent company, Chartis

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1       -3-

COMPLAINT FOR DECLARATORY RELIEF

1 Inc. (formerly, American International Group, Inc.). In addition, Chartis Inc.'s San Francisco

2 office underwrote, negotiated and issued the primary policy at issue, National Union Commercial

3 General Liability Policy No. 721-88-39.

**IV.   THE NATIONAL UNION POLICIES**

8.      National Union issued to NVIDIA Commercial General Liability Policy No. 721-8839, effective January 31, 2008 to January 31, 2009 (the "CGL Policy"). (Attached hereto as Exhibit 1 is a true and correct certified copy of the CGL Policy.)

9.      Relevant provisions of the CGL Policy are set forth in Appendix A to this Complaint.

10.     National Union issued to NVIDIA Commercial Umbrella Liability Policy No. 9835530, effective January 31, 2008 to January 31, 2009 (the "Umbrella Policy"). (Attached hereto as Exhibit 2 is a true and correct copy of the Umbrella Policy.)

11.     Relevant provisions of the Umbrella Policy are set forth in Appendix B to this Complaint.

**V.   THE *GPU LITIGATION***

12.     Between September 12, 2008 and November 24, 2008, the following class action lawsuits were filed in various states against NVIDIA arising out of the alleged malfunction of notebook computers due to allegedly defective NVIDIA chips:

  a.  *Steven Nakash, et al. v. NVIDIA Corp.*, Case No. C08 4312, filed in the United States District Court, Northern District of California, San Jose Division;

  b.  *Todd Feinstein, et al. v. NVIDIA Corp., et al.*, Case No. 108CV122610, filed in the Superior Court of the State of California, County of Santa Clara;

  c.  *Inicom Networks, Inc., et al. v. Dell, Inc. and NVIDIA Corp*, filed in the United States District Court, Northern District of California, San Jose Division;

  d.  *Louis Olivos, et al. v. NVIDIA Corp., Dell Inc., and Hewlett-Packard Co.*, Case No. CV-08-3895, filed in the United States District Court, Eastern District of New York;

  e.  *Milosz Sielicki, et al. v. NVIDIA Corp. and Dell Inc.*, Case No. AO8CA 802SS, filed in the United States District Court for the Western District of Texas, Austin Division;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

-4-

COMPLAINT FOR DECLARATORY RELIEF

f. *Jordan Cormier, et al. v. NVIDIA Corp.*, Case No. C08-05082, filed in the United States District Court, Northern District of California, San Jose Division;

g. *National Business Officers Association, Inc., et al. v. Nvidia, Dell and HP*, Case No. CV-08-75179, filed in the United States District Court, Northern District of California; and

h. *Brent West, et al. v. NVIDIA Corp.*, Case No. C08 05217 PVT, filed in the United States District Court, Northern District of California, San Jose Division.

13.    On or about May 6, 2009, the class action complaints were amended and consolidated before Judge James Ware in the U.S. District Court for the Northern District of California under the caption *The NVIDIA GPU Litigation* (the "*GPU Litigation*"), Case No. 5:08-cv-04312-JW.

14.    On December 14, 2009, the class action plaintiffs filed a Second Amended Complaint (the "Complaint") in the *GPU Litigation*. (Attached hereto as Exhibit 3 is a true and correct copy of the Second Amended Complaint.)

15.    The *GPU Litigation* was brought by and on behalf of a class of consumers who purchased at retail a computer equipped with an allegedly defective NVIDIA graphics processing unit ("GPU") and/or media communications chip ("MCP") (collectively, "NVIDIA chips").

16.    The Complaint alleges that "NVIDIA's defective GPUs cause consumers' computers to underperform, to display corrupted images (including distorted images, lines, garbled characters, and artifacts), to overheat, and even to suffer complete monitor/display and system failure." (Exhibit 3, ¶ 3.)

17.    The Complaint also alleges that NVIDIA's allegedly defective chips cause the "Class Computers to generate excessive heat, which forces the system fan to run more often, increasing ambient noise and reducing battery life." (Exhibit 3, ¶ 3.)

18.    The Complaint further alleges that "excessive heat also affects internal components like the CPU, which will 'throttle down,' decreasing overall system performance." (Exhibit 3, ¶ 3.)

19.    The Complaint alleges that the "defect results in the inability of Plaintiffs and Class members to use their Class Computers for their intended purposes." (Exhibit 3, ¶ 5.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1                    -5-

COMPLAINT FOR DECLARATORY RELIEF

20. The class action plaintiffs further allege that "NVIDIA knew or should have known of the defect prior to selling or placing the NVIDIA GPUs into the stream of commerce." (Exhibit 3, ¶2.)

21. The Complaint alleges the following causes of action: (1) violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*; (2) violation of California's Song-Beverly Consumer Warranty Act; (3) breach of implied warranty of merchantability; (4) violation of the Magnuson-Moss Warranty Act; (5) unjust enrichment; (6) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 *et seq.*; (7) strict liability and negligence; and (8) violation of California's Consumer Legal Remedies Act. (Exhibit 3.)

22. The Complaint seeks the following relief: (1) an order certifying the case as a Class Action under Rule 23; (2) an order requiring NVIDIA to pay the plaintiffs an amount of actual, direct, incidental, consequential, statutory and exemplary damages to be determined at trial; (3) an injunction preventing NVIDIA from manufacturing and selling the defective NVIDIA GPUs; (4) an order awarding the plaintiffs pre- and post- judgment interest; and (5) an order granting the plaintiffs reasonable costs and attorney's fees. (Exhibit 3.)

## VI. NATIONAL UNION'S COVERAGE POSITION

23. Between August 15, 2008 and November 24, 2008, NVIDIA tendered to National Union the class action lawsuits (which are now consolidated in the *GPU Litigation*), requesting a defense and indemnity under the National Union Policies with respect to each of the lawsuits.

24. Between September 30, 2008 and December 3, 2008, National Union sent letters to NVIDIA acknowledging each of the class action lawsuits filed against NVIDIA, with the exception of the *Olivos* lawsuit, and reserving National Union's rights under the National Union Policies (collectively, the "Acknowledgment and Reservation of Rights Letters").

25. National Union's Acknowledgment and Reservation of Rights Letters advised NVIDIA that, "based on our preliminary review of the materials provided to date, there is a question as to whether there is coverage with respect to the [lawsuits] under the National Union Policies."

COMPLAINT FOR DECLARATORY RELIEF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    26.    In addition, the Acknowledgment and Reservation of Rights Letters requested

2    information relevant and necessary to its understanding and evaluation of the class action lawsuits.

3    National Union specifically requested "any and all documents or evidence that would support

4    NVIDIA's contention that notebooks, motherboards or other notebook components were damaged

5    by failures of NVIDIA chips," and "any other information or documents that NVIDIA believes

6    would support coverage for the [class action lawsuits] under the National Union Policies or inform

7    our investigation."

8    27.    NVIDIA did not respond to National Union's Acknowledgment and Reservation of

9    Rights Letters.

10    28.    On or about October 28, 2008, counsel for National Union traveled to California to

11    meet with defense counsel for NVIDIA and to discuss the class action lawsuits.

12    29.    At this meeting, National Union stressed the importance of being kept apprised of

13    the status of the class action lawsuits and the need for additional information.

14    30.    On or about November 17, 2008, National Union issued to NVIDIA a full and

15    complete reservation of rights under the National Union Policies with respect to the *Nakash,*

16    *Feinstein, Inicom, Olivos, Sielicki,* and *Cormier* lawsuits.

17    31.    In this letter, National Union advised NVIDIA that it would agree to defend

18    NVIDIA under the CGL Policy in the class action lawsuits, subject to a full reservation of

19    National Union's rights. National Union also advised NVIDIA of the reasons why the class action

20    lawsuits may not implicate coverage under the National Union Policies. Specifically, National

21    Union reserved the right to "withdraw from the defense upon reasonable notice to NVIDIA" and

22    "to file an action for declaratory relief to determine its rights and duties under the Policies."

23    32.    On or about January 22, 2009, National Union issued to NVIDIA a full and

24    complete reservation of rights under the National Union Policies with respect to the *West* and

25    *NBOA* class action lawsuits.

26    33.    In this letter, National Union advised NVIDIA that it would agree to defend

27    NVIDIA under the CGL Policy in the *West and NBOA* class action lawsuits, subject to a full

28    reservation of National Union's rights. National Union also advised NVIDIA of the reasons why

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

-7-

1   the *West* and *NBOA* class action lawsuits may not implicate coverage under the National Union

2   Policies. Specifically, National Union reserved the right to "withdraw from the defense upon

3   reasonable notice to NVIDIA" and "to file an action for declaratory relief to determine its rights

4   and duties under the Policies."

5       34.    On or about March 16, 2010, after the class action lawsuits were consolidated into

6   the *GPU Litigation*, National Union issued to NVIDIA a supplemental reservation of rights under

7   the National Union Policies. National Union again advised NVIDIA that it would agree to defend

8   NVIDIA under the CGL Policy in the *GPU Litigation*, subject to a full reservation of rights. Once

9   more, National Union specifically reserved the right to "withdraw from the defense upon

10  reasonable notice to NVIDIA" and "to file an action for declaratory relief to determine its rights

11  and duties under the Policies."

12      35.    For approximately the past twenty months, National Union has, under a reservation

13  of rights, provided a defense to NVIDIA in the *GPU Litigation*. To date, National Union

14  continues to provide a defense to NVIDIA in the *GPU Litigation*.

15      36.    To date, National Union has reimbursed NVIDIA a substantial amount for related

16  defense fees, expenses and costs incurred in connection with the *GPU Litigation*.

17      37.    Over the course of the last two years, and despite National Union's repeated

18  requests for information demonstrating that the *GPU Litigation* implicates coverage under the

19  National Union Policies, NVIDIA has not produced any information or documentation indicating

20  that the claims at issue in the *GPU Litigation* implicate covered "property damage."

21      38.    Rather, NVIDIA produced to National Union all documents that NVIDIA produced

22  to the class action plaintiffs in the *GPU Litigation* – totaling approximately 600,000 pages, none

23  of which demonstrate that the claims at issue in the *GPU Litigation* involve or implicate "property

24  damage" caused by an "occurrence," as defined by the National Union Policies.

25      39.    Accordingly, because the *GPU Litigation* does not implicate coverage under the

26  National Union Policies, National Union is entitled to a declaration that it owes no duty to defend

27  or indemnify NVIDIA in the *GPU Litigation*.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## COUNT ONE
(No Property Damage)

40.    National Union repeats and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41.    The National Union Policies potentially provide coverage for those sums that the insured becomes legally obligated to pay as damages because of "property damage," as defined by the Policies.

42.    The term "property damage" is defined by the National Union Policies as:

   a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Exhibit 1 at p. 13 of 14; Exhibit 2 at p. 23 of 24).

43.    The *GPU Litigation* does not seek to impose a legal obligation to pay damages because of "property damage," as defined by the National Union Policies.

44.    National Union, therefore, is entitled to a declaration that it owes no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

## COUNT TWO
(No Occurrence)

45.    National Union repeats and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46.    The National Union Policies potentially provide coverage for those sums that the insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," as defined by the Policies.

47.    The term "occurrence" is defined by the National Union Policies as:

   an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY RELIEF

1  (Ex. 1 at p. 13 of 14; Ex. 2 at p.21 of 24).

2      48.    The *GPU Litigation* does not seek to impose a legal obligation to pay damages

3  because of "property damage" caused by an "occurrence," as defined by the National Union

4  Policies.

5      49.    National Union, therefore, is entitled to a declaration that it owes no duty to defend

6  or indemnify NVIDIA with respect to the *GPU Litigation*.

7  **COUNT THREE**<br/>(Policy Period)

8

9      50.    National Union repeats and incorporates by reference paragraphs 1 through 49 as

10  though fully set forth herein.

11      51.    The National Union Policies potentially provide coverage for those sums that the

12  insured becomes legally obligated to pay because of "property damage" taking place during the

13  policy periods of the National Union Policies.

14      52.    To the extent the Chip Claims seek to impose a legal obligation to pay damages

15  because of "property damage" caused by an "occurrence," as defined by the National Union

16  Policies, the "property damage" must take place during the effective dates of the National Union

17  Policies. (Ex. 1 at p. 1 of 14; Ex. 2 at p. 1 of 24).

18      53.    To the extent the class action plaintiffs seek to recover damages because of

19  "property damage" that did not take place during the effective dates of the National Union

20  Policies, there is no coverage for such "property damage" under such Policies

21      54.    National Union, therefore, is entitled to a declaration that it is not obligated to

22  indemnify NVIDIA for damages because of "property damage" that did not take place during the

23  policy periods of the National Union Policies.

24  **COUNT FOUR**<br/>(Prior Knowledge)

25

26      55.    National Union repeats and incorporates by reference paragraphs 1 through 54 as

27  though fully set forth herein.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

COMPLAINT FOR DECLARATORY RELIEF

56.     The National Union Policies potentially provide coverage for those sums that the insured becomes legally obligated to pay as damages because of "property damage" only if, prior to the policy period, no authorized and/or specified insured or employee knew that the "property damage" had occurred, in whole or in part.

57.     To the extent the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage," NVIDIA, the insured, and/or authorized employees knew that such "property damage" had occurred, in whole or in part, prior to January 31, 2008, the effective date of the National Union Policies.

58.     National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

### COUNT FIVE
(Contractual Liability Exclusions)

59.     National Union repeats and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60.     Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence," as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion b. and under the Umbrella Policy pursuant to Exclusion C ("contractual liability" exclusions).

61.     National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

### COUNT SIX
(Damage to Property Exclusions)

62.     National Union repeats and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

63.     Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion j.(6). and under the Umbrella Policy pursuant to Exclusion E (the damage to property exclusions).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY RELIEF

64.   National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

### COUNT SEVEN
(Your Product Exclusions)

65.   National Union repeats and incorporates by reference paragraphs 1 through 64 as though fully set forth herein.

66.   Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion k. and under the Umbrella Policy pursuant to Exclusion F (the "your product" exclusions).

67.   National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

### COUNT EIGHT
(Your Work Exclusions)

68.   National Union repeats and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69.   Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion l. and under the Umbrella Policy pursuant to Exclusion G (the "your work" exclusions).

70.   National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

### COUNT NINE
(Impaired Property Exclusions)

71.   National Union repeats and incorporates by reference paragraphs 1 through 70 as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

72.   Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion m. and under the Umbrella Policy pursuant to Exclusion D (the "impaired property" exclusions).

73.   National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

### COUNT TEN
(Recall Exclusions)

74.   National Union repeats and incorporates by reference paragraphs 1 through 73 as though fully set forth herein.

75.   Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion n. and under the Umbrella Policy pursuant to Exclusion R (the "recall" exclusions).

76.   National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

### COUNT ELEVEN
(Electronic Data Exclusion)

77.   National Union repeats and incorporates by reference paragraphs 1 through 76 as though fully set forth herein.

78.   Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined by the CGL Policy, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion p (the "electronic data" exclusion).

79.   National Union, therefore, is entitled to a declaration that it has no duty to defend or indemnify NVIDIA with respect to the *GPU Litigation*.

/ / /

COMPLAINT FOR DECLARATORY RELIEF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## COUNT TWELVE
### (Retained Limit)

80.     National Union repeats and incorporates by reference paragraphs 1 through 79 as though fully set forth herein.

81.     The Umbrella Policy provides coverage for those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages because of a covered injury to which the Umbrella Policy applies.

82.     The **Retained Limit**, as defined by the Umbrella Policy, has not been exhausted by payment of **Loss** associated with the *GPU Litigation*.

83.     National Union, therefore, is entitled to a declaration that it has no obligation to indemnify NVIDIA unless and until the **Retained Limit** is exhausted by the payment of covered **Loss.**

## COUNT THIRTEEN
### (Breach of Policies' Cooperation Conditions)

84.     National Union repeats and incorporates by reference paragraphs 1 through 83 as though fully set forth herein.

85.     The CGL Policy contains Condition 2., which provides:

> 2.     **Duties In The Event Of An Occurrence, Offense, Claim Or Suit**
>
> *          *          *
>
> c.     You and any other involved insured must:
>
>> (1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>>
>> (2)     Authorize us to obtain records and other information;
>>
>> (3)     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
>>
>> (4)     Assist us, upon our request, in the enforcement of any right against any person

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

COMPLAINT FOR DECLARATORY RELIEF

or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

\*        \*        \*

d.      No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

86.     The Umbrella Policy contains Condition G., which provides:

**G.      Duties In The Event Of An Occurrence, Offense, Claim Or Suit**

\*        \*        \*

3.      You and any other involved **Insured** must:

\*        \*        \*

c.      cooperate with us in the investigation or settlement of the claim or defense against the **Suit;** and

d.      assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

\*        \*        \*

4.      No **Insured** will, except at the **Insured's** own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

87.     As a condition of coverage under the National Union Policies with respect to the *GPU Litigation*, NVIDIA is obligated to, among other things, authorize National Union to obtain records and other information and cooperate with National Union in the investigation of the *GPU Litigation*.

88.     NVIDIA has breached the conditions of coverage contained in the National Union Policies by failing to authorize National Union to obtain records and other information with

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

-15-

COMPLAINT FOR DECLARATORY RELIEF

1 | respect to the *GPU Litigation* and by failing to cooperate with National Union in the investigation

2 | of the *GPU Litigation*.

3 |       89.    As a result of NVIDIA's breach of the "cooperation" condition, National Union has

4 | suffered actual and substantial prejudice to its rights under the National Union Policies.

5 |       90.    NVIDIA's breach of the foregoing violates conditions precedent under the National

6 | Union Policies, thus voiding coverage for the *GPU Litigation*.

7 |       91.    National Union, therefore, is entitled to a declaration that it has no duty to defend

8 | or indemnify NVIDIA with respect to the *GPU Litigation*.

## COUNT FOURTEEN
### (Other Insurance)

11 |       92.    National Union repeats and incorporates by reference paragraphs 1 through 91 as

12 | though fully set forth herein.

13 |       93.    The Umbrella Policy contains Condition L., which provides:

14 |     **L.**    **Other Insurance**

> If other valid and collectible insurance applies to damages that are also covered by this policy, this policy will apply excess of the **Other Insurance**. However, this provision will not apply if the **Other Insurance** is specifically written to be excess of this policy.

18 |                     *     *     *

19 |       94.    Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages

20 | because of **Property Damage** caused by an **Occurrence** as defined and not otherwise excluded,

21 | National Union's obligations with respect to the *GPU Litigation* under the Umbrella Policy apply

22 | only in excess of other valid and collectible insurance providing coverage to NVIDIA.

## COUNT FOURTEEN
### (Reimbursement)

25 |       95.    National Union repeats and incorporates by reference paragraphs 1 through 94 as

26 | though fully set forth herein.

27 |       96.    National Union has no duty to defend or indemnify NVIDIA with respect to the

28 | *GPU Litigation*.  To the extent the Court determines National Union has a duty to defend or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

-16-

COMPLAINT FOR DECLARATORY RELIEF

1  indemnify NVIDIA with respect to the *GPU Litigation*, National Union has a duty to defend

2  NVIDIA only for those claims potentially covered under the National Union Policies and to

3  indemnify NVIDIA only for those claims actually covered under the National Union Policies.

4      97.    National Union, therefore, is entitled to a declaration that NVIDIA is obligated to

5  reimburse National Union for costs incurred to defend NVIDIA against claims that are not

6  potentially covered under the National Union Policies and/or to reimburse National Union for

7  payment of any portion of a judgment or settlement paid by National Union for claims not covered

8  under the National Union Policies.

9  **RELIEF REQUESTED**

10      Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. prays that this Court

11  enter a judgment in its favor and against Defendant, NVIDIA Corporation, on each and every

12  claim asserted herein as follows:

13          1.    Declaring that National Union has no duty to defend or indemnify NVIDIA

14              under the National Union Policies with respect to the *GPU Litigation*;

15          2.    Declaring and adjudicating that:

16              a.    The *GPU Litigation* does not seek to impose a legal obligation to

17                  pay damages because of "property damage," as defined by the National Union Policies;

18              b.    The *GPU Litigation* does not seek to impose a legal obligation to

19                  pay damages because of "property damage" caused by an "occurrence," as defined by the National Union Policies;

20

21              c.    The *GPU Litigation* does not seek to impose a legal obligation to pay damages because of "property damage" taking place during the

22                  policy period of the National Union Policies;

23              d.    In the event that the *GPU Litigation* involves "property damage" caused by an "occurrence," coverage does not apply under the

24                  National Union Policies because NVIDIA and/or its designated employees knew, prior to the policy period, that such "property

25                  damage" had occurred;

26              e.    By operation of Exclusions b, j, k, l, m, n, and p, "property damage"

27                  coverage for some or all of the damages sought in the *GPU Litigation* is excluded under the CGL Policy;

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

-17-

COMPLAINT FOR DECLARATORY RELIEF

f.   By operation of Exclusions C, D, E, F, G, and R, **Property Damage** coverage for some or all of the damages sought in the *GPU Litigation* is excluded under the Umbrella Policy;

g.   Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of **Property Damage** caused by an **Occurrence**, as defined by the Umbrella Policy and not otherwise excluded, National Union's obligations with respect to the *GPU Litigation* does not apply because the **Retained Limit**, as defined, is not exhausted;

h.   Even if the *GPU Litigation* seeks to impose a legal obligation to pay damages because of **Property Damage** caused by an **Occurrence**, as defined by the Umbrella Policy and not otherwise excluded, National Union's obligations with respect to the *GPU Litigation* under the Umbrella Policy apply in excess of other valid and collectible insurance providing coverage to NVIDIA.

i.   Declaring that NVIDIA has breached its duties of cooperation with National Union, thereby causing National Union to suffer actual and substantial prejudice and voiding coverage; and

j.   In the alternative, declaring that National Union is entitled to reimbursement from NVIDIA for defense costs and indemnity paid by National Union for uncovered claims.

3.   Granting National Union any other and further relief that this Court deems just and proper.

DATED: April 27, 2010

            LEWIS BRISBOIS BISGAARD & SMITH LLP

            By

               Rebecca R. Weinreich
               Stephen V. Kovarik
               Attorneys for Plaintiff National Union Fire Insurance
               Company of Pittsburgh, Pa.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2969-9846.1

-18-

## APPENDIX A

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance policy applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    \*     \*     \*

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

        (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during

4844-4740-2755.1

Appendix A
Page 1

or after the policy period will be deemed to have been known prior to the policy period.

\*       \*       \*

2.    **Exclusions**

This insurance does not apply to:

\*       \*       \*

b.    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

\*       \*       \*

j.    **Damage To Property**

"Property damage" to:

\*       \*       \*

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*       \*       \*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

4844-4740-2755.1

Appendix A
Page 2

COMPLAINT FOR DECLARATORY RELIEF

\*       \*       \*

**k.**   **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\*       \*       \*

**l.**   **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\*       \*       \*

**m.**   **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*       \*       \*

**n.**   **Recall Of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use,

withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)     "Your product'"

(2)     "Your work"; or

(3)     "Impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

                    *       *       *

**p.     Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

                    *       *       *

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

                    *       *       *

**2.     Duties In The Event Of An Occurrence, Offense, Claim Or Suit**

                    *       *       *

c.     You and any other involved insured must:

4844-4740-2755.1

Appendix A
Page 4

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

\*       \*       \*

d. No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*       \*       \*

4.    **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

a.    **Primary Insurance**

This insurance is primary except when B. below applies.   If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.   Then, we will share with all that other insurance by method described in c. below.

\*       \*       \*

c.    **Method of Sharing**

If all other insurance permits contribution by equal shares, we will follow this method also.   Under

Appendix A
Page 5

this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

*          *          *

## SECTION V – DEFINITIONS

*          *          *

8.   "Impaired property" means tangible property, other than "your product" or "your work" that cannot be used or is less useful because:

  a.   It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  b.   You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

  a.   The repair, replacement, adjustment or removal of "your product" or "your work"; or

  b.   Your fulfilling the terms of the contract or agreement.

9.   "Insured contract" means:

*          *          *

  f.   That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a

third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

21. "Your product":

a. Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

4844-4740-2755.1

Appendix A
Page 7

COMPLAINT FOR DECLARATORY RELIEF

**(b)**   Others trading under your name; or

**(c)**   A person or organization whose business assets you have acquired; and

**(2)**   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**   Includes:

**(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)**   The providing of or failure to provide warnings or instructions.

**c.**   Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.**   "Your work":

**a.**   Means:

**(1)**   Work of operations performed by you or on your behalf;

**(2)**   Materials, parts or equipment furnished in connection with such work or operations.

**b.**   Includes:

**(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

**(2)**   The providing of or failure to provide warnings or instructions.

\*       \*       \*

## APPENDIX B

**I.    INSURING    AGREEMENT    –    COMMERCIAL UMBRELLA LIABILITY**

    **A.**    We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance applies or because of **Bodily Injury** or **Property Damage** to which this insurance applies assumed by the **Insured** under an **Insured Contract**.

*          *          *

    **B.**    This policy applies, only if:

        1.    the **Bodily Injury** or **Property Damage** is caused by an **Occurrence** that takes place anywhere, and the **Bodily Injury** or **Property Damage** occurs during the **Policy Period**;

*          *          *

    **C.**    This policy applies to **Bodily Injury** or **Property Damage**, only if prior to the **Policy Period**, no **Insured** listed under subparagraphs 2a., 2b., 2c. or 2e. of Paragraph M. of Section VII., no executive officer or director listed under subparagraph 2d. of Paragraph M. of Section VII. and no employee authorized by you to give or receive notice of an **Occurrence**, claim or **Suit**, knew that the **Bodily Injury** or **Property Damage** had occurred, in whole or in part.   If such an **Insured** or authorized employee knew, prior to the **Policy Period**, that the **Bodily Injury** or **Property Damage** had occurred, then any continuation, change or resumption of such **Bodily Injury** or **Property Damage** during or after the **Policy Period** will be deemed to have been known prior to the **Policy Period**.

*          *          *

Appendix B<br>Page 1

COMPLAINT FOR DECLARATORY RELIEF

## V. EXCLUSIONS

\* \* \*

### C. Contractual Liability

This insurance does not apply to liability for which the **Insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) that the insured would have in the absence of the contract or agreement; or

(2) assumed in a contract or agreement that is an **Insured Contract**, provided the **Bodily Injury** or **Property Damage** occurs subsequent to the execution of the contract or agreement.

\* \* \*

### D. Damage To Impaired Property Or Property Not Physically Injured

This insurance does not apply to **Property Damage** to **Impaired Property** or property that has not been physically injured, arising out of:

(1) a defect, deficiency, inadequacy or dangerous condition in **Your Product** or **Your Work**; or

(2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **Your Product** or **Your Work** after it has been put to its intended use.

\* \* \*

4832-5740-0067.1

Appendix B
Page 2

COMPLAINT FOR DECLARATORY RELIEF

E.    **Damage to Property**

This insurance does not apply to **Property Damage**
to:

\*       \*       \*

6.    That particular part of any property that
must be restored, repaired or replaced
because **Your Work** was incorrectly
performed on it.

\*       \*       \*

Paragraph (6) of this exclusion does not apply to
**Property Damage** included in the **Products-
Completed Operations Hazard.**

\*       \*       \*

F.    **Damage to Your Product**

This insurance does not apply to **Property Damage**
to **Your Product** arising out of it or any part of it.

\*       \*       \*

G.    **Damage to Your Work**

This insurance does not apply to **Property Damage**
to **Your Work** arising out of it or any part of it and
included in the **Product-Completed Operations
Hazard**.

This exclusion does not apply if the damaged work
or the work out of which the damage arises was
performed on your behalf by a subcontractor.

\*       \*       \*

R.    **Recall of Your Product, Your Work or Impaired
Property**

This insurance does not apply to damages related to
any loss, cost or expense incurred by you or others
for the loss of use, withdrawal, recall, inspection,
repair, replacement, adjustment, removal or disposal
of:

4832-5740-0067.1

Appendix B
Page 3

COMPLAINT FOR DECLARATORY RELIEF

1.    **Your Product;**

2.    **Your Work;** or

3.    **Impaired Property;**

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\*        \*        \*

## IV.    CONDITIONS

### G.    Duties In The Event Of An Occurrence, Offense, Claim Or Suit

\*        \*        \*

3.    You and any other involved **Insured** must:

\*        \*        \*

c.    cooperate with us in the investigation or settlement of the claim or defense against the **Suit;** and

d.    assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

\*        \*        \*

4.    No insured will, except at the **Insured's** own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*        \*        \*

### L.    Other Insurance

If other valid and collectible insurance applies to damages that are also covered by this policy, this

COMPLAINT FOR DECLARATORY RELIEF

policy will apply excess of the **Other Insurance**. However, this provision will not apply if the **Other Insurance** is specifically written to be excess of this policy.

\*    \*    \*

## VII.  DEFINITIONS

\*    \*    \*

L.    **Impaired Property** means tangible property, other than **Your Product** or **Your Work**, that cannot be used or is less useful because:

1.    it incorporates **Your Product** or **Your Work** that is known or thought to be defective, deficient, inadequate or dangerous; or

2.    you have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

1.    the repair, replacement, adjustment or removal of **Your Product** or **Your Work**; or

2.    your fulfilling the terms of the contract or agreement.

\*    \*    \*

N.    **Insured Contract** means that part of any contract or agreement pertaining to your business under which any **Insured** assumes the tort liability of another party to pay for **Bodily Injury** or **Property Damage** to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\*    \*    \*

P.    **Loss** means those sums actually paid as judgments or settlements, provided, however, that if expenses incurred to defend a **Suit** or to investigate a claim reduce the applicable limits of **Scheduled Underlying Insurance**, then **Loss** shall include such expenses.

COMPLAINT FOR DECLARATORY RELIEF

\*     \*     \*

S.   **Occurrence** means:

    1.   as respects **Bodily Injury** or **Property Damage**, an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one **Occurrence**.

    2.   as respects **Personal Injury and Advertising Injury**, an offense arising out of your business that causes **Personal Injury and Advertising Injury**. All damages that arise from the same, related or repeated injurious material or act will be deemed to arise out of one **Occurrence**, regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

T.   **Other Insurance** means a valid and collectible policy of insurance providing coverage for damages covered in whole or in part by this policy.

However, **Other Insurance** does not include **Scheduled Underlying Insurance**, the **Self-Insured Retention** or any policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

\*     \*     \*

X.   **Products-Completed Operations Hazard** means all **Bodily Injury** and **Property Damage** occurring away from premises you own or rent and arising out of **Your Product** or **Your Work** except:

    1.   products that are still in your physical possession; or

    2.   work that has not yet been completed or abandoned. However, **Your Work** will be deemed completed at the earliest of the following times:

        a.   when all of the work called for in your contract has been completed;

        b.   when all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or

COMPLAINT FOR DECLARATORY RELIEF

c.    when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\*        \*        \*

Y.    **Property Damage** means:

1.    physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

2.    loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the **Occurrence** that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*        \*        \*

Z.    **Retained Limit** means:

1.    the total applicable limits of **Scheduled Underlying Insurance** and any applicable **Other Insurance** providing coverage to the **Insured**; or

2.    the **Self-Insured Retention** applicable to each **Occurrence** that results in damages not covered by **Scheduled Underlying Insurance** nor any applicable **Other Insurance** providing coverage to the **Insured**.

COMPLAINT FOR DECLARATORY RELIEF

\*        \*        \*

**AA.    Scheduled Underlying Insurance** means:

1.    the policy or policies of insurance and limits of insurance shown in the **Schedule of Underlying Insurance** forming a part of this policy; and

2.    automatically any renewal or replacement of any policy in Paragraph 1 above, provided that such renewal or replacement provides equivalent coverage to and affords limits of insurance equal to or greater than the policy being renewed or replaced.

**Scheduled Underlying Insurance** does not include a policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

**BB.    Self-Insured Retention** means the amount that is shown in Item 5 of the Declarations.

\*        \*        \*

**DD.    Your Product** means:

1.    any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   a.    you;

   b.    others trading under your name; or

   c.    a person or organization whose business or assets you have acquired; and

2.    containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**Your Product** includes:

1.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Product**; and

2.    materials, parts or equipment furnished in connection with such work or operations.

COMPLAINT FOR DECLARATORY RELIEF

EE.   **Your Work** means:

    1.    work or operations performed by your or on your behalf; and

    2.    materials or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Work**; and

**Your Work** includes:

    1.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Work**; and

    2.    the providing of or failure to provide warnings or instructions.

*    *    *